# UNITED STATES BANKRUPTCY COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| **ELIZABETH SOLANO,** | ) | Bankruptcy No. 19 B 31665 |
| | ) | |
| | ) | |
| Debtor. | ) | Honorable Donald R. Cassling |

## NOTICE OF MOTION

**To:**  Elizabeth Solano, 348 E. Norman Lane, Wheeling, IL 60090

David M Siegel, David M. Siegel & Associates, 790 Chaddick Drive, Wheeling, IL 60090*

United States Trustee Patrick S. Layng, Office of the United States Trustee, 219 South Dearborn Street, Suite 873, Chicago, IL 60604*

PLEASE TAKE NOTICE that on **Tuesday February 4, 2020 at 9:30 a.m.,** we will appear before the Honorable Donald R. Cassling or such other Judge as may be presiding in that Judge's stead, in courtroom 619, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604, and present our **Trustee's Objection to Exemption**, a copy of which is attached hereto and served upon you herewith.

Date:  January 22, 2020          **DAVID P. LEIBOWITZ, not individually, but as the Chapter 7 Trustee of the Debtor's Estate**

By:  /s/ David P. Leibowitz
     David P. Leibowitz (ARDC # 1612271)
     Law Offices of David P. Leibowitz, LLC
     53 West Jackson Boulevard, Suite 1115
     Chicago, IL 60604
     (312) 360-1501

## CERTIFICATE OF SERVICE

On January 22, 2020, the undersigned certifies that on this date, she caused a copy of the above document to be served upon each person shown on the foregoing Notice, by United States Mail, with postage prepaid, at Chicago, Illinois. Those marked with an * were served via the Court's ECF System.

/s/ David P. Leibowitz
Trustee

# UNITED STATES BANKRUPTCY COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| ELIZABETH SOLANO, | ) | Bankruptcy No. 19 B 31665 |
| | ) | |
| | ) | |
| Debtor. | ) | Honorable Donald R. Cassling |

## TRUSTEE'S OBJECTION TO EXEMPTION

David P. Leibowitz ("Trustee"), not individually but as the chapter 7 trustee of the estate of Elizabeth Solano ("Debtor"), hereby moves for an order extending the time for the Trustee to timely object to exemptions by to and including June 1, 2020.[1]  In support, the Trustee states the following:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1334 and venue is proper pursuant to 28 U.S.C. § 1408.

2. By Local Rule 40.3.1(a) of the United States District Court for the Northern District of Illinois, the District Court has referred all bankruptcy cases to the Bankruptcy Court for initial determination, as permitted by 28 U.S.C. § 157(a).

3. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O).

## FACTUAL AND PROCEDURAL BACKGROUND

4. Debtor filed a voluntary chapter 7 petition on November 6, 2019.

5. David P. Leibowitz is the duly appointed, qualified, and acting chapter 7 trustee in this case.

6. On January 20, 2020, Debtor amended her schedules to (a) schedule an anticipated income tax refund for the year 2019 that had been omitted from her original schedules and (b) to

---

[1] All chapter, section and rule references, unless otherwise noted, are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532 ("Bankruptcy Code"), and the Federal Rules of Bankruptcy Procedure, Rules 1001-9037 ("Bankruptcy Rules").

claim an exemption on the entire amount (i) under the wild card exemption (735 ILCS 5/12-1001(b); (ii) the public welfare exemption for the Earned Income Credit (735 ILCS 5/12-1001(g)(1) and (iii) the public welfare exemption for Child Tax Credits (735 ILCS 5/12-1001(g)(1).

7. Trustee objects to the claimed exemption to the extent it is claimed for the Child Tax Credits pursuant to 735 ILCS 5/12-1001(g)(1).

## RELIEF REQUESTED

8. The Trustee requests that the Court disallow the exemption claimed under the public welfare exemption for non-refundable Child Tax Credits for reasons more fully set forth below. The Child Tax Credit is a so-called "non-refundable tax credit" of $500 per qualifying child while the Additional Child Tax Credit is available to all families with qualifying children and is in the amount of $1000 per qualifying child. This is a so-called "refundable tax credit."

## BASIS FOR RELIEF REQUESTED

9. There is a split of authority among Illinois Bankruptcy Courts as to whether the Child Tax Credit is exempt as a public welfare benefit. As set forth in the opinion of the bankruptcy court in *In re Woodside*, 538 B.R. 518 (Bankr. C.D. IL 2015), "Every deduction and credit available in the Internal Revenue Code, by definition, provides a financial benefit to taxpayers eligible to claim such deductions and credits. But every deduction and credit does not amount to public assistance. Refundability is the key distinction. A purpose to benefit needy or lower income families is what distinguishes government benefits that can legitimately be classified as public assistance from those benefits that cannot be so classified.

10. The Bankruptcy Court for the Northern District of Illinois considered this question in *In re Vazquez*, 516 B.R. 523 (Bankr. N.D. IL 2014). In that case, Judge Cox held, contrary to the decision in *In re Koch*, 299 B.R. 523, 527-8 (Bankr. C.D. 2003) that a non-refundable tax credit available to relatively affluent tax payers was nevertheless a public assistance benefit.

11. In so ruling, Judge Cos relied in part upon changes in the Internal Revenue Code in 2013.

12. Nevertheless, Judge Grandy in *In re Manuel,* (Case 17-60250, Bankr. S.D. IL October 2, 2018) considered the same legislative changes addressed by Judge Cox and held, "the Court respectfully disagrees with the *Vazquez* decision and instead adopts the reasoning and holding in *Woodside* that a Child Tax Credit is not a public assistance benefit.

13. While the Child Tax Credit is available to low income families, it also provides a tax benefit to middle- and upper-income families. It phases out as higher income levels as set forth in 26 U.S.C. §24(b)(2).

14. See also *In re Johnson,* 480 B.R. 305 (Bankr. N.D. IL 2012) where the Court drew the distinction between a refundable and non-refundable tax credit in holding that the adoption tax credit was exempt as a public welfare benefit since it was refundable.

15. The term "public assistance" should be considered in the context of the Illinois Public Aid Code which demonstrates that such exemptions were intended to be applied only to the extent that they were only available to those who were in need.

16. As pointed out in *Woodside,* the Child Tax Credit does not meet that test since it has a high phase-out threshold and lacks refundability.

17. Judge Perkins further stated, persuasively in Trustee's view, "Congress drew a clear line of demarcation when it made only a portion of the CTC refundable, in order to put cash in the pockets of the truly needy, while retaining the "offset-only" aspect of the non-refundable portion of the credit, which is available to those with significantly higher income.

## NOTICE

10. Notice of this Motion was provided to: (a) the Debtor; (b) the Debtor's counsel; (c) the Office of the United States Trustee; and (d) all parties that have requested or receive notice through

CM/ECF. In light of the nature of the relief requested, the Trustee requests that the Court find the notice provided for herein sufficient under the circumstances and waive and dispense with any further notice requirements.

**WHEREFORE**, the Trustee requests that the Court enter an order:

(a) Extending the date by which the Trustee may timely object to the Debtor's claim of exemptions to and including June 1, 2020; and

(b) Granting such further relief as the Court deems just and proper.

**DAVID P. LEIBOWITZ, not individually, but as the Chapter 7 Trustee of the Debtor's Estate**

By: /s/ David P. Leibowitz
David P. Leibowitz (ARDC # 1612271)
Law Offices of David P. Leibowitz, LLC
53 West Jackson Boulevard, Suite 1115
Chicago, IL 60604
(312) 360-1501

# UNITED STATES BANKRUPTCY COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| ELIZABETH SOLANO, | ) | Bankruptcy No. 19 B 31665 |
| | ) | |
| | ) | |
| Debtor. | ) | Honorable Donald R. Cassling |

## ORDER EXTENDING THE DATE BY WHICH THE TRUSTEE MAY TIMELY OBJECT TO DEBTOR'S EXEMPTIONS

This matter came to be heard on the Motion of Chapter 7 Trustee, David P. Leibowitz ("Trustee"), to Extend Time to Object to Exemptions; due and proper notice having been given; and it appearing to the Court that cause exists for the entry of this order; and the Court being fully advised in the premises;

**IT IS HEREBY ORDERED:**

1. The Trustee's motion is granted as set forth herein.

2. The date by which the Trustee may timely object to the Debtor's exemptions is hereby extended to and including June 1, 2020.

Date: _____        Enter: _____
                                    Honorable Donald R. Cassling
                                    United States Bankruptcy Judge

Prepared By:

David P. Leibowitz (ARDC # 1612271)
Law Offices of David P. Leibowitz, LLC
53 West Jackson Boulevard, Suite 1115
Chicago, IL 60604
(312) 360-1501