**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | |
| ELIZABETH SOLANO, | ) | Case No. 19-31665 |
| | ) | |
| Debtor. | ) | Hon. Judge: Cassling |

## NOTICE OF FILING

*The following persons or entities who have been served via electronic mail*:
U.S. Bankruptcy Trustee:  USTPRegion11.ES.ECF@usdoj.gov
David Leibowitz, Chapter 7 Trustee of Debtor's Estate: dleibowitz@lodpl.com

*The following persons or entities who have been served via first-class U.S. mail*:
Elizabeth Solano, 348 E. Norman Lane, Wheeling, IL 60090
David Leibowitz, Chapter 7 Trustee, Law Offices of David P. Leibowitz, LLC, 53 West Jackson Boulevard, Suite 1115, Chicago, IL 60604

**Please take notice that I filed the attached Response to Amended Trustee's Objection to Exemption, on February 24, 2020.**

## PROOF OF SERVICE

The undersigned certifies that copies of this Notice and attachments were served to the listed persons or entities, if service by mail was indicated above, by depositing same in the U.S. Mail at Wheeling, Illinois 60090, on or before February 24, 2020, at 5:30 p.m., with proper postage prepaid, unless a copy was provided electronically by the Bankruptcy Court.

DATE OF SERVICE: February 24, 2020         /s/ Robert C. Bansfield Jr.
                                            Robert C. Bansfield Jr., A.R.D.C. #6329415

Attorney for the Debtor(s)
DAVID M. SIEGEL & ASSOCIATES
790 Chaddick Drive
Wheeling, IL  60090
(847) 520-8100

**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | |
| **ELIZABETH SOLANO,** | ) | Case No. 19-31665 |
| | ) | |
| Debtor. | ) | Hon. Judge: Cassling |

**RESPONSE TO AMENDED TRUSTEE'S OBJECTION TO EXEMPTION**

NOW COMES the Debtor, Elizabeth Solano, by and through her attorneys, David M. Siegel & Assoc., LLC, to respond to the Amended Trustee's Objection to Exemption, filed by David Leibowitz, as Chapter 7 Trustee, and in support thereof states as follows:

**Factual and Procedural Background**

1) Jurisdiction is proper and venue is fixed in this Court with respect to these parties.

2) Debtor filed a petition for relief under Chapter 7 of Title 11 USC on November 6, 2019. David P. Leibowitz was appointed Trustee in this case.

3) Debtor's §341 Meeting of Creditors was held on January 3, 2020.

4) Shortly after the meeting, Trustee Leibowitz filed a report that he believed there were assets to be administered in Debtor's bankruptcy estate. See Docket Number 15.

5) Trustee Leibowitz also notified Debtor's counsel that he would be sending a tax refund intercept request to the IRS for the Debtor's 2019 refund.

6) Upon learning this, Debtor filed her 2019 federal tax return. A copy of this tax return was provided to Trustee Leibowitz via electronic mail on January 20, 2020.

7) Based on the tax return Debtor filed, she is expecting a refund of $8,458.00. The refund Debtor is expecting to receive is broken down as follows: a $762.00 refund due from the Child Tax Credits (CTC), a $3,135.00 refund due from the Earned Income Credit (EIC), a $4,200.00

refund due from the Additional Child Tax Credit (ACTC), and $361.00 due from over-withholding.

8) Debtor had a total income of $35, 265.00 for the year of 2019.

9) Debtor's counsel subsequently amended Debtor's Schedules A, B, and C to account for the refund that Debtor is expecting. See Docket Number 18.

10) Debtor claimed the combined CTC and ACTC of $4,962.00 and the EIC as exempt as public assistance under 735 ILCS 5/12-1001(g)(1).

11) After the amended schedules were filed, the Debtor still has $2,899.00 remaining in her Wildcard exemption under 735 ILCS 5/12-1001(b). See generally Docket Number 18.

12) After seeing the amended schedules filed for the Debtor, Trustee Leibowitz filed an objection to the claimed exemptions. Trustee Leibowitz objects that the claimed exemption for the CTC can be claimed as a public assistance benefit under 735 ILCS 5/12-1001(g)(1).

13) Debtor respectfully requests that this Court deny Trustee's Leibowitz's objection.

## Legal Standard

14) Judge Cox in *In re Vazquez* ruled that CTC is exempt under 735 ILCS 5/12-1001(g)(1). *In re Vazquez*, 516 B.R. 523 (Bankr. N.D. Ill. 2014).

15) Judge Cox mainly based her decision on the fact that the CTC is actually a refundable tax credit. *Id.* at 527. See also 26 U.S.C. §24(d).

16) "Trustee Leibowitz's assertion that the credit taken by the Debtor is nonrefundable and therefore not eligible for an exemption may be based on the law as it existed in 2003 (as explained in the 2003 Koch opinion)." However, there have been changes to tax law that have made the CTC refundable. *Id.* at 526 – 527. (Citing Margot L. Crandall–Hollick, *The Child Tax*

*Credit: Current Law and Legislative History*, Congressional Research Service, March 25, 2013 (www.crs.gov, 7–5700, R41873)).

17) The *Tax Cuts and Jobs Act of 2017* further increased the refundability of the CTC, up to $1,400.00 per child. 26 U.S.C. §24(d).

18) Judge Cox also reasoned that since the Illinois legislature did not define "public assistance benefit" as it is used in 735 ILCS 5/12-1001(g)(1), courts should not make a policy decision and limit the definition public assistance solely to those families with limited means. *In re Vazquez*, 516 B.R. 523, 527-528 (Bankr. N.D. Ill. 2014).

19) Judge Cox stated, "[p]ublic assistance comes in many forms, often to persons and institutions of substantial means. Until Congress amends the Bankruptcy Code (or Illinois limits the public assistance benefit exemption to refundable assistance) this Court will refrain from making that policy choice." *Id.* at 528.

20) Lastly, Judge Cox stated that "[t]he discussion of debtors' relative affluence in *Koch* and *Hardy* as determinative of whether an exemption can be claimed is not the most persuasive way to deal with the interplay of federal and state statutes. The state legislatures should decide the parameters and limits of the exemptions they allow." *In re Vazquez*, 516 B.R. 523, 528 (Bankr. N.D. Ill. 2014).

21) In support of his objection to Debtor's claim of exemptions, Trustee Leibowitz cites Central District and Southern District Illinois Bankruptcy Court decisions ruling that the CTC is not exempt, *In re Woodside* and *In re Manuel*. See Docket Number 20.

22) "Refundability is the key distinction. A purpose to benefit needy or lower income families is what distinguishes government benefits that can legitimately be classified as public assistance from those benefits that cannot be so classified. Moreover, the term public assistance

implies the use of government funds or resources. Since the nonrefundable CTC facilitates a refund only of funds the taxpayer previously paid in, while the refundable ACTC pays out general revenues, only the ACTC may properly be characterized as public assistance." *In re Woodside*, 538 B.R. 518, 526 (Bankr. C.D. Ill. 2015).

23) The Court in *In re Manuel* based their decision mainly on the *Woodside* decision and stated "that '[r]efundability is the key distinction.'" *In re Manuel*, Case No. 17-60450, 6 (Bankr. S.D. Ill. Oct. 2, 2018) (citing *In re Woodside*, 538 B.R. 518, 526 (Bankr. C.D. Ill. 2015)).

24) The Courts in *Vazquez*, *Woodside*, and *Manuel* do all agree that the ACTC and EIC is exempt under the 735 ILCS 5/12-1001(g)(1). See generally *In re Vazquez*, 516 B.R. 523 (Bankr. N.D. Ill. 2014); *In re Woodside*, 538 B.R. 518 (Bankr. C.D. Ill. 2015); *In re Manuel*, Case No. 17-60450 (Bankr. S.D. Ill. Oct. 2, 2018).

## Argument

25) Debtor respectfully asks this Court to follow the standard set by Judge Cox in *Vazquez*.

26) The decisions in *Woodside* and *Manuel* state that the refundability of a tax credit is a key distinction in determining whether a tax credit is a public assistance.

27) As seen by the *Tax Cuts and Jobs Act of 2017*, Congress increased the refundability of the CTC, paying an even greater refund to those that are in need of it.

28) Generally speaking, the CTC lowers the amount of income tax a taxpayer is required to pay. However, if the taxpayer's CTC is higher than the amount of income tax owed, the Internal Revenue Service would pay the remainder of the CTC to the taxpayer.

29) A debtor receiving a refund that is due to the CTC would then be allowed to exempt it as a public assistance according to the decisions in *Woodside* and *Manuel* since those cases stressed that the refundability of the credit is the key distinction.

30)     Also, if the legislature intended to put a limit on who could claim the public assistance benefit under 735 ILCS 5/12-1001(g)(1), they would have. The legislature put restrictions on other exemptions throughout 735 ILCS 5/12-1001 but not in 735 ILCS 5/12-1001(g)(1).

31)     Debtor is also a below median income debtor with three children to provide for. Debtor made a total $35, 265.00 in 2019. Debtor needs her refund to help provide for her family.

## Alternative Relief Requested

32)     If this Court finds the CTC is not exempt as public assistance under 735 ILCS 5/12-1001(g)(1), then Debtor respectfully asks for time to amend her schedules to protect the CTC with her wildcard exemption.

WHEREFORE, the Debtor, ELIZABETH SOLANO, prays that the Court overrule the Amended Trustee's Objection to Exemption**,** and any other relief that this Honorable Court deems fair and proper.

Respectfully Submitted,

/s/ Robert C. Bansfield Jr.
Robert C. Bansfield Jr., A.R.D.C. #6329415
Attorney for the Debtor

David M. Siegel & Associates, LLC
790 Chaddick Drive
Wheeling, IL 60090
(847) 520-8100